IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| RODNEY OWEN SKURDAL<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, COMMISSIONER OF THE IRS,<br><br>Defendants. | CV 22-92-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

Plaintiff Rodney Owen Skurdal ("Plaintiff") brings this action against the United States and the Commissioner of the IRS ("United States") seeking billions in tort damages, requesting criminal charges against IRS personnel, and demanding an injunction to bar the IRS from ever contacting him. (Doc. 1.)

Presently before the Court are the United States' Motion to Dismiss (Doc 9), Plaintiff's Motion for Summary Judgment[1] (Doc. 13), Plaintiff's Motion to Remove Defendant United States of America (Doc. 17), and Plaintiff's Motion to Clarify Documents (Doc. 27), which have been referred to the undersigned under

---

[1] Briefing on Plaintiff's Motion for Summary Judgment was delayed until after the resolution of Defendants' Motion to Dismiss. (*See* Doc. 20.) Because the Court finds dismissal is appropriate, the Court will recommend Plaintiff's Motion for Summary Judgment be denied as moot.

1

28 U.S.C. § 636(b)(1)(B).

Having considered the parties' submissions, the Court **RECOMMENDS** the United States' Motion to Dismiss be **GRANTED**, Plaintiff's Motion for Summary Judgment and to Remove Defendant United States of America be **DENIED as moot**, and Plaintiff's Motion to Clarify Documents be **GRANTED**.

## I.     BACKGROUND

Plaintiff's Complaint contains a litany of convoluted and frivolous claims and arguments.  As far as the Court can determine, Plaintiff does not consider himself a citizen of the United States, and therefore, believes he is not subject to taxation.  He further claims the IRS is a fraudulent entity that does not lawfully exist and has committed various crimes, including "treason," "fraud," and "genocide."  Notably, Plaintiff does not allege he filed federal tax returns, paid any amounts owed, or even that the IRS has assessed liabilities against him.  He claims the IRS seized a home in Roundup, Montana, but he has not provided any information regarding the year, manner, or reason of the alleged seizure.

## II.     ANALYSIS

### A.     The United States' Motion to Dismiss

The United States argues the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1) because (1) this action is barred by the Anti-

Injunction and Declaratory Judgment Acts, (2) Plaintiff has not pled the jurisdictional prerequisites for a refund suit, and 3) Plaintiff has not pled a tort claim that falls within any applicable waiver of sovereign immunity. Alternatively, the United States argues the Complaint should be dismissed for failure to state a claim under Rule 12(b)(6). The United States' arguments are well taken.

Plaintiff's Complaint fails to establish grounds for subject matter jurisdiction and is, therefore, subject to dismissal under Rule 12(b)(1). First, with respect to Plaintiff's request for injunctive relief, the Anti-Injunction Act and Declaratory Judgment Act bar his claim. 26 U.S.C. § 7421. Plaintiff seeks an injunction to "forever 'bar' the IRS to never contact me, Rodney Owen Skurdal, again." (Doc. 1 at 11.) To the extent the requested injunction would inhibit the United States from collecting taxes, the Anti-Injunction Act expressly precludes jurisdiction over this action. The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 27 U.S.C. § 7241(a). Likewise, the Declaratory Judgment Act bars granting declaratory relief "with respect to Federal taxes." 28 U.S.C. § 2201(a).

The Anti-Injunction Act is subject to specific, narrow statutory and judicial exceptions. *See id.* 6015(e), 6212(a), (c), 6213(a), 6232(c), 6330(e)(1), 6331(i),

3

6672(c), 6694(c), 7426(a), (b)(1), 7429(b), 7436; *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 7 (1962); *South Carolina v. Regan*, 465 U.S. 367, 378 (1984). But Plaintiff does not allege any facts plausibly showing that he falls into one of the narrow exceptions to the Anti-Injunction Act.

Second, Plaintiff has not alleged that he paid federal income taxes, or that he filed a proper administrative refund claim with the IRS. 26 U.S.C. § 7422. Therefore, Plaintiff has not pled the jurisdictional prerequisites for a refund suit under § 7422.

Third, jurisdiction is lacking because Plaintiff has not adequately pled a waiver of sovereign immunity. "The United States is a sovereign entity and may not be sued without its consent. Absent its consent to suit, an action against the United States must be dismissed." *Elias v. Connett*, 908 F.2d 521, 527 (9th Cir. 1990) citing *Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir. 1985). Thus, a "waiver of sovereign immunity is a prerequisite to federal-court jurisdiction." *Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011).

In the Complaint, Plaintiff lists 28 U.S.C. §§ 1331, 1402, 1346, 18 U.S.C. § 4, and 26 U.S.C. §§ 7214 and 7433, as the purported basis for jurisdiction over his claims. (Doc. 1 at 2.) But none of these statutes provide a waiver of sovereign immunity in this action. Neither 28 U.S.C. § 1331 (federal question jurisdiction),

28 U.S.C. § 1402 (venue), 18 U.S.C. § 4 (misprision of felony), nor 26 U.S.C. § 7214 (offenses by officers and employees of U.S.) waive sovereign immunity in any situation. Although 28 U.S.C. § 1346 grants jurisdiction over certain civil actions where the United States is a defendant, Plaintiff has not alleged a claim that would fall under the statute. To the extent Plaintiff is asserting a claim under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. ("FTCA"), the act's waiver of sovereign immunity would not apply because tort claims related to the assessment or collection of any tax are specifically excepted from the FTCA. 28 U.S.C. § 2680(c).

Finally, the United States does waive sovereign immunity for certain tort claims against the IRS under 26 U.S.C. § 7433. But Plaintiff has not pled a viable claim under §7433 because he has failed to show exhaustion of administrative remedies. *See* 26 U.S.C. § 7433(d)(1) (requiring plaintiffs to exhaust their administrative remedies by first filing their claim with the IRS); *Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1992) (holding the court lacked jurisdiction to hear a claim against the United States under §7433 because the plaintiff failed to exhaust administrative remedies).

In short, the Complaint fails to establish any grounds for subject matter jurisdiction.

Plaintiff also fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). The Court's standard of review under Rule 12(b)(6) is informed by Rule 8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–678 (2009) (quoting Fed. R. Civ. P 8(a)). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A plausibility determination is context specific, and courts must draw on judicial experience and common sense in evaluating a complaint. *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014).

A court considering a Rule 12(b)(6) motion must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. *See e.g.*, *Wyler Summit P'ship v. Turner Broad.*

6

*Sys., Inc.* 135 F.3d 658, 661 (9th Cir. 1998).  However, legal conclusions couched as factual allegations are not accepted as true.  *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

Here, Plaintiff fails to show he is entitled to any relief from the United States.  Aside from espousing tax-denier rhetoric that is unmoored from legal reality, Plaintiff has not asserted any credible factual allegations that could plausibly entitle him to relief.  Accordingly, Plaintiff's Complaint fails to state a claim for relief.

The Court, therefore, recommends the United States' Motion to Dismiss be granted pursuant to Rule 12(b)(1) and (b)(6).

Finally, because Plaintiff has failed to present any discernable claim for relief, further amendment appears futile.  Where amendment would be futile, there is no reason to prolong litigation by allowing further amendments.  *Lipton v. Pathogenesis Corp.*, 284 F. 3d 1027, 1039 (9th Cir. 2002); *Klamath-Lake Pharmaceutical Ass'n v. Klamath Med. Serv. Bureau*, 701 F. 2d 1276, 1293 (9th Cir. 1983).  Accordingly, the Court further recommends the Complaint be dismissed without leave to amend.

/ / /

/ / /

## B. Plaintiff's Motions to Remove Defendant United States and Motion to Clarify Documents

Plaintiff has filed a Motion to Remove Defendant Untied States. (Doc. 17.) Plaintiff seeks to remove the United States as a Defendant and proceed only against the Commissioner of the IRS. The United States has explained that it is the only proper Defendant in this action because a suit against an IRS employee for actions taken in his or her official capacity is a suit against the United States. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).

Subsequently, Plaintiff filed a Motion to Clarify Documents wherein, he requests to "void my motion to remove the 'United States of America (Inc.) aka the United States.'" (Doc. 27 at 14.) The Court construes Plaintiff's motion as a request to withdraw the Motion to Remove Defendant United States. So construed, the Court recommends that Plaintiff's Motion to Clarify Documents be granted, and that Plaintiff's Motion to Remove Defendant United States be denied as moot.

## III. CONCLUSION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. The United States' Motion to Dismiss (Doc. 9) be **GRANTED**, and the Complaint be dismissed with prejudice;

2.      Plaintiff's Motion for Summary Judgment (Doc. 13) be **DENIED as moot**;

3.      Plaintiff's Motion to Remove Defendant United States of America (Doc. 17) be **DENIED as moot**; and

4.      Plaintiff's Motion "to Clarify Documents" (Doc. 27) be **GRANTED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

**IT IS ORDERED**.

DATED this 20th day of March, 2023.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge