IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| RODNEY OWEN SKURDAL, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA and COMMISSIONER OF THE IRS, <br><br> Defendants. | CV 22-92-BLG-SPW <br><br> ORDER |

Before the Court are United States Magistrate Judge Timothy Cavan's Findings and Recommendation, filed March 20, 2023. (Doc. 30). Judge Cavan recommends this Court grant the Motion to Dismiss filed by Defendants the United States of America and the Commissioner of the IRS (Doc. 9), pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (*Id.*). Plaintiff Rodney Owen Skurdal timely objected to the Findings and Recommendation. (Doc. 31). Plaintiff also moved for a hearing. (Doc. 32). The United States filed a response to his objections and the motion for a hearing. (Doc. 36). Plaintiff then filed a reply and two motions to amend his reply. (Docs. 37, 38, 40).

For the following reasons, the Court adopts Judge Cavan's recommendations in full, denies Plaintiff's request for a hearing, and denies his motions to amend his replies.

1

## I. Background

Plaintiff does not specifically object to Judge Cavan's recitation of the background of this case. The Court adopts Judge Cavan's background.

## II. Legal Standard

### A. Motion to Dismiss

#### 1. Lack of Subject Matter Jurisdiction

A Rule 12(b)(1) motion challenges jurisdiction. The party seeking to invoke the Court's jurisdiction has the burden to establish it. *Scott v. Breeland*, 792 F.2d 925, 926 (9th Cir. 1986). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (internal citation omitted). The Court also may hear evidence and resolve factual disputes where necessary. *Id.*

#### 2. Failure to State a Claim

Rule 12(b)(6) governs a motion to dismiss for failure to state a claim upon which relief can be granted. "Dismissal under Rule 12(b)(6) is proper only when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (citing *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). The Court's standard of review under Rule 12(b)(6)

is informed by Rule 8(a)(2), which requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[I]n practice, a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). Bare legal conclusions or recitations of the elements are not enough. *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

B.  *Findings and Recommendations*

The parties are entitled to de novo review of those findings and recommendations to which they have "properly objected." Fed. R. Civ. P. 72(b)(3). *See also* 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not properly objected to are reviewed for clear error. *See McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313

3

(9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

An objection is proper if it "identif[ies] the parts of the magistrate's disposition that the party finds objectionable and present[s] legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Mont. Shooting Sports Ass'n v. Holder*, No. CV 09-147-M-DWM-JCL, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010). *See also* D. Mont. L.R. 72(a) (requirements for a proper objection). "It is not sufficient for the objecting party to merely restate arguments made before the magistrate or to incorporate those arguments by reference." *Mont. Shooting Sports Ass'n*, 2010 WL 4102940, at *2

C.  Pro Se Filings

Because Plaintiff is proceeding pro se, the Court must construe his complaint liberally; "however inartfully pleaded, [it] must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). In the motion to dismiss context, the Court also must construe pro se documents liberally and give pro se litigants the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). Still, "pro se litigants

4

in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986). This means that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 576 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012).

In light of the Ninth Circuit's liberal construction requirements, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## III. Discussion

### A. Reply to Objections

As an initial matter, the Court will not consider Plaintiff's reply to his objection to the Findings and Recommendations (Doc. 37) because such replies are not permitted under this district's local rules. D. Mont. L.R. 72.3(b). "Local rules have the 'force of law' and are binding upon the parties and upon the court ...." *Pro. Programs Grp. v. Dept. of Com.*, 29 F.3d 1349, 1353 (9th Cir. 1994) (quoting *Martel v. County of Los Angeles*, 21 F.3d 940, 946-47 (9th Cir. 1994)). Again, this includes pro se parties. *King*, 814 F.2d at 576. At the same time, the Court enjoys

5

"broad discretion to depart from the strict terms of the local rules where it makes sense to do so and substantial rights are not at stake." *Pro. Programs Grp.*, 29 F.3d at 1353.

Plaintiff's reply rehashes the central argument he raised in his objections and in briefing in front of Judge Cavan: that the United States does not have "jurisdiction" to collect taxes from him as a citizen of the "de jure 'several states of the union'" because such states lie outside of its limited area of jurisdiction, and by exercising its taxing authority outside of its jurisdiction, the United States is committing a variety of crimes, including "fraud" and "treason". (*Cf.* Doc. 31 at 2, 14, 21-22; Doc. 37 at 4, 5-6, 8). Further, Defendants do not raise any new issues in their response that Plaintiff should have the opportunity to reply to. Accordingly, the Court finds that Plaintiff has not stated a valid basis for the Court to depart from the Local Rules and will not consider his reply brief in ruling on the Findings and Recommendations. Likewise, the Court denies his motions to amend his reply to the objections (Docs. 38, 40) as moot.

B.  *Objections*

Moving to Plaintiff's objections, the Court finds that Plaintiff merely restates the arguments he made in front of Judge Cavan that Defendants acted outside of their "jurisdiction" in collecting income taxes from him. Plaintiff's argument that Judge Cavan put the cart before the horse by focusing on the jurisdictional question

properly raised on a 12(b)(1) motion, rather than the "jurisdiction" question he posits, does not make his objection proper because his reasons for disagreeing with Judge Cavan still boil down to the same issues he already raised in front of Judge Cavan. Thus, his objections are not proper, and the Court reviews the Findings and Recommendations for clear error. After reviewing the Findings and Recommendation, this Court does not find Judge Cavan committed clear error.

### C. Hearing

The Court finds that a hearing is not necessary to resolve the issues in front of the Court. Plaintiff's briefs in support of his motion for a hearing do not raise any issues or evidence that affect the question of the Court's jurisdiction to hear the case. Rather, they focus solely on Plaintiff's belief that Defendants acted outside of their "jurisdiction" to impose taxes on him. Plaintiff's motion for a hearing (Doc. 32) is denied.

## IV. Conclusion

Accordingly, IT IS SO ORDERED:

1. Magistrate Judge Timothy Cavan's Findings and Recommendation (Doc. 30) are ADOPTED IN FULL.

2. Plaintiff's motions to amend his reply to Defendants' response to his objections (Doc. 38, 40) are DENIED.

3. Plaintiff's Motion for a Hearing (Doc. 32) is DENIED.

4. Defendants' Motion to Dismiss (Doc. 9) is GRANTED and the Complaint (Doc. 1) is DISMISSED WITH PREJUDICE.

5. Plaintiffs' Motion for Summary Judgment (Doc. 13) is DENIED as moot.

6. Plaintiffs' Motion to Remove Defendant United States of America (Doc. 17) is DENIED as moot; and

7. Plaintiff's Motion to "Clarify Documents" (Doc. 27) is GRANTED.

The Clerk of Court is directed to enter judgment and close this matter.

DATED this 15th day of August, 2023.

SUSAN P. WATTERS
United States District Judge